PRIESMAN v MERIDIAN MUTUAL INSURANCE COMPANY

Docket No. 109752. Submitted November 8, 1989, at Lansing. Decided
May 29, 1990. Leave to appeal applied for.

Renee Priesman's fourteen-year-old son took her automobile without her permission and sustained injury in an accident involving the automobile. Priesman's no-fault automobile insurer, Meridian Mutual Insurance Company, initially paid personal protection insurance benefits to Priesman's son. The insurer subsequently discontinued payment of those benefits, relying on § 3113(a) of the no-fault act, MCL 500.3113(a); MSA 24.13113(a), which provides that a person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident the person was using a motor vehicle which he had taken unlawfully, unless he reasonably believed that he was entitled to take and use the vehicle. Although Priesman's son was not criminally prosecuted, the insurer contended that Priesman's son had been driving the automobile unlawfully in view of MCL 750.414; MSA 28.646, which makes it a misdemeanor to take or use without authority any motor vehicle without intent to steal the same. Priesman brought an action in Ingham Circuit Court against her insurer, challenging the discontinuance of benefits. The court, Peter D. Houk, J., on facts stipulated to by the parties, granted summary disposition in defendant's favor. Plaintiff appealed.

The Court of Appeals held:

Under the circumstances in this case, plaintiff's son did not unlawfully take the automobile within the meaning of § 3113(a) such that he should be disqualified from personal protection insurance benefits under the no-fault act.

Reversed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE —
UNLAWFULLY TAKEN AUTOMOBILES.

The minor child, and resident in the household, of a no-fault

REFERENCES

Am Jur 2d, Automobile Insurance § 356.

See the Index to Annotations under Exemptions and Exclusions;
No-Fault Insurance.

insured who as an underage driver merely takes the insured's automobile without the insured's permission and sustains injury in an accident involving the automobile has not unlawfully taken the automobile at the time of the accident such that he should be disqualified under the no-fault act from personal protection insurance benefits payable under the insured's policy (MCL 500.3113[a]; MSA 24.13113[a]).

*Lawrence P. Nolan & Associates, P.C.* (by *Lawrence P. Nolan* and *Ward L. Zielinski*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *James E. Lozier* and *Frank A. Fleischmann*), for defendant.

Before: WEAVER, P.J., and BRENNAN and NEFF, JJ.

PER CURIAM. This is a first-party, no-fault automobile insurance case. The circuit judge granted summary disposition to the defendant under MCR 2.116(C)(10). We reverse.

I

The relevant facts are not in dispute and the case was submitted to the circuit judge on stipulated facts.

Plaintiff owned a motor vehicle which was insured by defendant. While plaintiff was asleep, her fourteen-year-old son took her car without her permission. He picked up two of his friends and an accident followed. Plaintiff's son and one of his friends were seriously hurt. The other friend was killed.

Initially, defendant paid first-party, no-fault benefits arising out of the serious injuries sustained by plaintiff's son. In a related third-party case, the insurer settled a claim arising out of the death of the passenger.

About six or seven months after the accident, defendant informed plaintiff that it would no longer pay first-party benefits for expenses arising out of her son's injuries. This lawsuit followed.

II

Defendant relied on MCL 500.3113; MSA 24.13113 to terminate benefits under the no-fault policy of automobile insurance. The statute provides, in pertinent part, as follows:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
> (a) the person was using a motor vehicle which he had taken unlawfully, unless he reasonably believed that he was entitled to take and use the vehicle.

Defendant argues that the stipulated statement of facts entered into by both parties establishes that plaintiff's son was driving the car "unlawfully," in violation of MCL 750.414; MSA 28.646, which provides, in pertinent part, as follows:

> Any person who takes or uses without authority any motor vehicle without intent to steal the same, or who shall be a party to such unauthorized taking or using, shall upon conviction thereof be guilty of a misdemeanor.

Defendant acknowledges that plaintiff's son was not charged with any criminal offense and that, therefore, there is no "conviction." The argument is that, as long as there is a taking without permission, no criminal conviction is required to deny coverage under the no-fault act, citing *Dupie v*

*Michigan Mutual Ins Co,* unpublished opinion per curiam of the Court of Appeals, decided June 1, 1988 (Docket No. 100037). Aside from the fact that this unpublished opinion has no precedential value, MCR 7.215(C), we find it to be distinguishable. In *Dupie,* there were affidavits establishing unlawful taking and the plaintiff was charged under the criminal statute and entered a no contest plea. In addition, there is nothing in the *Dupie* opinion to indicate that the plaintiff was a member of the owner's household or that he was related to the owner.

III

The question for decision in this case is whether the mere fact of taking without permission by an underage driver who is the son of the owner and who lives in the owner's household is "unlawful" under the no-fault act. The term "unlawful" is not defined in the no-fault act.

Under MCL 500.3114; MSA 24.13114, plaintiff's son is a person entitled to personal protection insurance benefits for injuries arising out of a motor vehicle accident because he is a relative of plaintiff domiciled in the same household. In our view, he does not lose that entitlement by virtue of using his mother's car without her permission.

We hold that the use of plaintiff's car by her son without her permission was not unlawful under the no-fault act. We cannot say that the Legislature intended that § 3113(a) of the act would apply under the circumstances of this case.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.